897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe T. CANNON, Plaintiff-Appellant,
v.
Stan ALLEN, Police Officer for the City of Chattanooga,
Tennessee, Police Department; the Board of
Commissioners for the City of
Chattanooga; the City of
Chattanooga,
Defendants-Appellees.
 No. 89-5643.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1990.
 
 Before KENNEDY and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Joe T. Cannon, appeals from the dismissal of this 42 U.S.C. Sec. 1983 action pursuant to the defendants' summary judgment motion. On appeal, the plaintiff urges this court to reverse the order of the district court, arguing that there exist genuine issues of material fact as to the constitutionality of the plaintiff's arrest and as to the policies of the City of Chattanooga, Tennessee. Finding that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law, we affirm.
 
 I.
 
 2
 On the evening of January 17, 1987, Cannon and his wife were driving home when they were stopped by the defendant police officer, Stan Allen. Allen indicated that he was stopping Cannon for driving under the influence. Allen stated that he stopped the vehicle because it was weaving back and forth across the center line of the highway. Cannon testified that he attempted to pass a car and that he moved into the left lane to do so. When he realized that he would be unable to get around the car, he moved back into the proper lane. He denies that he was weaving, however.
 
 
 3
 After stopping Cannon, Allen smelled alcohol on the plaintiff's breath, and the plaintiff admitted that he had had a glass of wine and part of another drink. Allen then administered three field sobriety tests. The first was the horizontal gaze nystagmus test, which measures an involuntary twitching of the eye that is enhanced when the subject is under the influence of alcohol. The second part of the test was the walk and turn test, which requires the subject to walk heel to toe and to turn around. Finally, Allen administered the one-leg stand test. The plaintiff failed all three tests, and Allen subsequently arrested the plaintiff for driving under the influence. Cannon claims that he had difficulty performing the tests because it was raining that night.
 
 
 4
 After his arrest, Cannon was taken to a hospital for a blood alcohol test, which revealed a blood alcohol level of .01. He was then taken to jail, where he was given a breathalyzer test. Again, the test revealed a blood alcohol level of .01. After he received this test result, Allen ordered that a drug screening be performed on the blood sample that had been taken earlier, because he believed that if Cannon was not drunk, he must be under the influence of some other substance. This test was negative.
 
 
 5
 At the time Cannon was incarcerated in the city jail, the facility was subject to a standing order issued by both judges of the Chattanooga City Court that required persons arrested for driving under the influence of an intoxicant to be held in the jail for a minimum of six hours, unless otherwise ordered by one of the city court judges. After the plaintiff had been in jail for approximately two hours, personnel at the jail received a telephone call from Fire and Police Commissioner Tom Kennedy, who requested that the plaintiff be released. He was released on his own recognizance, and the charges were eventually dismissed.
 
 
 6
 The plaintiff filed this action in the United States District Court for the Eastern District of Tennessee, naming Officer Allen in his individual capacity, the City of Chattanooga, and the mayor and city commissioners, in their official capacities, as defendants. The district court granted the defendants' motion for summary judgment and dismissed the case. This appeal followed.
 
 II.
 
 7
 In reviewing the district court's grant of summary judgment, we must determine whether there is any genuine issue of material fact such that a jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The plaintiff challenges the dismissal on the basis that issues of fact exist with respect to the legality of the arrest and certain alleged policies of the City of Chattanooga.
 
 
 8
 Upon a review of the circumstances surrounding the arrest, we conclude that probable cause existed for the arrest, so Allen cannot be held liable for arresting Cannon. The facts surrounding the arrest clearly support the finding that probable cause existed. First of all, the defendant stopped the plaintiff because he observed that the his car was weaving. This observation was certainly reasonable, as the plaintiff admits that he changed lanes. Allen smelled alcohol on the plaintiff's breath, and the plaintiff admitted that he had been drinking. Finally, the plaintiff failed all three field sobriety tests. Taken together, these facts give rise to probable cause justifying the arrest of the plaintiff for driving under the influence. The plaintiff attempts to argue that he had difficulty performing the sobriety tests because of the bad weather. This may be true, but it does not mean that the officer's conclusion that the defendant was intoxicated was unreasonable. Cannon also points to the statements of jail personnel that they did not believe him to be drunk. These statements have very little probative value on the issue of what Allen observed at the time of the arrest, which is the proper point in time for our inquiry.
 
 III.
 
 9
 The plaintiff also challenges certain alleged policies of the City of Chattanooga that he asserts violated his constitutional rights. He claims that the city has in place a policy that prevents a police officer from stopping an arrest procedure if at any time the officer determines that probable cause does not exist for the arrest. The plaintiff's claim on this issue fails for two reasons. First, a municipality cannot be held liable under section 1983 unless action pursuant to an official policy of the municipality constitutes a constitutional violation. Pembaur v. City of Cincinnati, 475 U.S. 469, 477 (1986). In this case, the only evidence that such a policy existed was the statement that Allen allegedly made to the defendant's wife that "he had already arrested him and there was nothing he could do to change it." (Affidavit of Bobbye Cannon, App. 68). This statement is not sufficient to raise a material issue of fact as to whether such a policy existed. It is merely the plaintiff's wife's recollection of something that the arresting officer said to her. More importantly, the plaintiff's claim fails because Allen did not intend to release the plaintiff. Cannon was not taken into custody because of some policy that prevents a police officer from exercising discretion. He was arrested because Allen, in the proper exercise of his discretion, had probable cause to believe that the plaintiff had been driving under the influence.
 
 
 10
 Plaintiff also challenges the standing order of the city judges that all those arrested for DUI must be held for at least six hours. The plaintiff argues that this policy is unconstitutional. However, this policy was not applied to Cannon, who was released after two hours, after it was made known that he was not intoxicated. He has no basis upon which to challenge a policy that has not been applied to him. The district court also concluded that the city judges were not official policymakers of the City of Chattanooga, and that the municipality cannot be held liable for a policy which the city did not enact. Because we dispose of this issue on the basis that the policy was not applied to the plaintiff, we do not reach the question of whether the city judges can establish official policy for which the municipality can be held liable.
 
 
 11
 AFFIRMED.